GEORGE FLOWERS,

          Plaintiff,

    v.                                                  Case No. 24-C-465

TOWER PALLET COMPANY INC.,

          Defendant.

## SCREENING ORDER

        On April 19, 2024, Plaintiff George Flowers brought this employment discrimination action against his former employer, Defendant Tower Pallet Company Inc. On April 25, 2024, the court dismissed Plaintiff's complaint for failing to comply with Rule 8 of the Federal Rules of Civil Procedure but allowed Plaintiff leave to file an amended complaint. On May 28, 2024, Plaintiff filed an unlabeled document. Although the court instructed Plaintiff "that the amended complaint must bear the number assigned to this case and must be labeled 'Amended Complaint,'" Dkt. No. 3 at 4, his most recent filing lacks both. Even if the court were to construe his most recent filing as an amended complaint, it fails to state a claim upon which relief may be granted.

        Plaintiff alleges that one of the day shift supervisors encouraged employees to harass him and that one of his coworkers "jumped on him." Dkt. No. 5 at 1. He asserts that the night shift supervisor told Plaintiff that he did the right thing by not allowing the coworker to bait him into a fight but that when Plaintiff went to report the incident the following day, he was let go from the company. Plaintiff claims he did not have issues with performance or attendance while working

for Defendant but that Defendant needed to terminate Plaintiff, so that the coworker who jumped him could take over Plaintiff's position.

After reviewing the complaint, the court finds that Plaintiff has failed to state a claim of employment discrimination against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* "To establish that an employer discriminated in contravention of Title VII, a plaintiff must show that membership in a protected class caused the discharge or other adverse employment action." *See Nigro v. Ind. Univ. Health Care Assocs., Inc.*, 40 F.4th 488, 491 (7th Cir. 2022) (cleaned up). The amended complaint fails to allege a violation of Title VII because Plaintiff does not state that he was a member of a protected class and that his membership caused his termination.

To the extent Plaintiff seeks to pursue a claim for wrongful discharge, that is a state law claim that arises under Wisconsin law. Plaintiff has failed to state a claim arising under federal law, and the court declines to exercise supplemental jurisdiction over any state law claim Plaintiff may have. *See Patel v. Heidelberger*, 6 F. App'x 436, 438 (7th Cir. 2001) ("When a plaintiff's federal law claims fail, courts routinely decline to exercise supplemental jurisdiction over remaining state law claims."). Although relief in federal court is foreclosed to Plaintiff, he many pursue any state law claims in state court.

In sum, Plaintiff has failed to state a federal claim upon which relief can be granted. Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The court has already afforded Plaintiff the opportunity to file an amended complaint and concludes that any further attempts to amend the complaint would be futile in this case. Therefore, this action is **DISMISSED**. The

dismissal is without prejudice, however. Plaintiff may file a new action should he be able to cure the deficiencies the court has now, on two occasions, brought to his attention. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 31st day of May, 2024.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge